Lynda T Bui, Trustee
3550 Vine Street, Ste. 210
Riverside, CA 92507
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email: Trustee.Bui@shbllp.com

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| **In re**<br><br>**PEGGY IRENE CLELLAND**<br>**aka Peggy Irene Casey, and**<br>**JOEL DOUGLAS CLELLAND**<br>**aka Joel Clelland,**<br><br>Debtors. | Case No.  6:17-bk-10928-WJ<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE UNDER RULE 9019 BETWEEN THE BANKRUPTCY ESTATE AND THE DEBTORS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF LYNDA T. BUI IN SUPPORT THEREOF**<br><br>[No Hearing Required LBR 9013-1(o)]<br>[Notice of Motion filed concurrently herewith] |

**TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

Lynda T. Bui, solely in her capacity as the Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Peggy Irene Clelland and Joel Douglas Clelland ("Debtors"), brings this *Motion to Approve Compromise Under Rule 9019 Between the Bankruptcy Estate and the Debtors* ("Compromise Motion"), and respectfully represents as follows:

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

1

23018-000\56\Compromise Mtn TC Clelland (split proceeds of short sale)

## I. BACKGROUND

### A. The Bankruptcy Case

The Debtors filed a chapter 7 bankruptcy petition on February 7, 2017, in the United States Bankruptcy Court, Central District of California, Case No. 6:17-bk-10928-WJ.

The last date to file claims in the case was August 14, 2017. Government claims were due by August 7, 2017. The Court's Claims Register indicates there have been nine claims filed totaling $43,880.14, consisting of $506.71 in priority claims and $43,373.43 in general unsecured claims.

### B. The Property

Property of the Estate includes the Debtors' interest in the real property located at 1339 Alta Avenue, Upland, California 91786 ("Property").

On their Schedule A, the Debtors valued their interest in the Property at $413,306.00 and listed two liens on their Schedule D in favor of (i) Cenlar (first trust deed) in the amount of $265,390.00 and (ii) Specialized Loan Servicing, LLC in the amount of $122,323.00, for total liens of $387,713.00 (collectively the "Secured Creditors"). On their Schedule C, the Debtors claimed an exemption in the Property of $25,593.00 under C.C.P. § 703.140(b)(1). Based on the Schedules there does not appear to be equity in the Property for the benefit of the Estate.

The Court has ordered Secured Creditors' relief from the automatic stay in this case.[1] The Debtors have advised the Trustee that they do not want a foreclosure on their record and would like the Trustee to short sell the Property.

---

[1] On March 29, 2018, the Court entered an order (docket 39) granting Lakeview Loan Servicing, LLC (loan servicer for the current beneficiary of first trust deed on the Property) relief from automatic stay of 11 U.S.C. § 362(a) to allow it to move forward with a foreclosure upon and to obtain possession of the Property in accordance with applicable non-bankruptcy law.

On April 17, 2018, the Court entered an order (docket 44) granting Deutsche Bank National Trust Company, as Trustee, for IndyMac Home Equity Mortgage Loan Asset-backed Trust, Series 2006-H1 (current beneficiary of the second trust deed on the Property) relief from automatic stay of 11 U.S.C. § 362(a) to allow it to move forward with a foreclosure upon and to obtain possession of the Property in accordance with applicable non-bankruptcy law.

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

2

23018-000\56\Compromise Mtn TC Clelland (split proceeds of short sale)

After reviewing potential options, the Trustee and the Debtors have determined it may be in the best interest of the Estate and its creditors to negotiate to obtain the Secured Creditors' consent to a short sale of the Property that would provide for payment of all expenses associated with the short sale, including (i) payment of a 6% real estate brokerage commission and (ii) a meaningful carve-out to the Estate to be paid by the buyer at the close of escrow to provide for a meaningful distribution on allowed unsecured claims.

## II.    RELIEF REQUESTED (THE SETTLEMENT)

Through the Compromise Motion, the Trustee requests approval of a certain *Settlement Agreement*, a true and correct copy of which is attached as **Exhibit 1** to the Declaration of Lynda T. Bui.  Under the Settlement Agreement, (i) the Debtors agree to cooperate with the Trustee's efforts to market the Property for a short sale and cooperate in the short sale process, (ii) the Trustee will file a Motion with the Bankruptcy Court to request approval of the short sale that provides payment of all expenses associated with the short sale, including payment of a standard real estate brokerage commission, and a payment to the Estate to provide for meaningful distribution on allowed unsecured claims, (iii) any "net proceeds"[2] generated from the Trustee's short sale of the Property shall be split as follows: 50% to the Estate ("Estate Settlement Amount"), and 50% to the Debtors ("Debtors' Settlement Amount"), (iv) the Estate Settlement Amount shall be used by the Estate for payment of administrative claims of the Estate and allowed unsecured claims against the Estate, (v) the Trustee reserves the right to abandon the Property if the net proceeds decrease to such an amount that would make administrating the case cost-prohibitive, and (vi) as the Property is encumbered by liens that exceed its value and there is no equity, in exchange for the Debtors' Settlement Amount, the Debtors agree to waive their claimed exemption in the Property of $25,593.00 under C.C.P. § 703.140(b)(1).

---

[2] The term "net proceeds" shall mean the gross proceeds generated from the sale of the Property, *less* (i) satisfaction of the Secured Creditors' liens, including all arrearages; (ii) payment of all outstanding property taxes; and (iii) typical pro-rations and closing costs, including escrow fees and real estate commissions.

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

3

23018-000\56\Compromise Mtn TC Clelland (split proceeds of short sale)

### III.  LEGAL AUTHORITIES

**A.  Upon Court Approval, a Trustee May Compromise a Claim of the Estate.**

The power of the Court to review and approve settlements is expressly recognized in Federal Rule of Bankruptcy Procedure, Rule 9019(a), which provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Thus, upon notice to the creditors, the United States Trustee, debtors, and indenture trustees, the Trustee may compromise a claim of the Estate. The approval of a compromise is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O). *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (S.D.N.Y. 1985).

**B.  The Court May Approve a Compromise Which is Fair and Equitable.**

The purpose of a compromise agreement is to allow the parties to avoid the expenses and burdens associated with litigation. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub nom, Martin v. Robinson*, 479 U.S. 854 (1986). The bankruptcy court has great latitude in approving compromise agreements as long as it finds that the compromise is fair and equitable. *Id.* at 1382; *see also, Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). Generally, the benchmark in determining the propriety of a settlement is whether the settlement is in the best interests of the estate and its creditors. *In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989). To be approved, the settlement need not represent the highest possible return to the estate, but merely must fall within the "range of reasonableness." *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992). In making this determination, the bankruptcy court need not conduct a trial or even a "mini trial" on the merits. *Id.*

In determining the fairness, reasonableness and adequacy of a proposed settlement, the Court must consider the following factors:

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

4

23018-000\56\Compromise Mtn TC Clelland (split proceeds of short sale)

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381; *Woodson*, 839 F.2d at 620. In other words, the Court must weigh certain factors in order to determine whether the compromise is in the best interests of the bankrupt estate. *A & C Properties*, 784 F.2d at 1382.

The Trustee believes that based on the four factors under *A&C Properties*, the proposed settlement is in the best interest of the Estate.

### 1. **Probability of Success in Litigation.**

There is currently no litigation involved with regards to the Property so this factor is not applicable.

### 2. **Difficulties, if any, to be Encountered in the Matter of Collections.**

This factor is also not applicable. Without the Settlement Agreement, the Trustee would not be administering the Property as it appears to be over-encumbered.

### 3. **The Complexity of the Litigation Involved, Expense, Inconvenience and Delay Necessarily Attending It.**

As indicated, there is no litigation involved and this factor is not applicable. However, the upside of 50% of the net proceeds (or carve-out) from the short sale of the Property far outweighs a little delay or inconvenience of marketing and selling the Property. Further, the Trustee is still collecting on the insurance renewal residuals so a little delay for the short sale only benefits the Estate.

### 4. **The Paramount Interest of the Creditors and the Proper Deference to the Reasonable Views.**

The Settlement Agreement should be approved because it will enhance the value of the Estate and without it, the Estate may not receive anything from the short sale of the Property. Through the Settlement Agreement, the Estate will receive 50% of the net proceeds from the short sale. The funds received under the settlement can be used to provide a meaningful distribution to unsecured claims. Otherwise, unsecured creditors will

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

5

23018-000\56\Compromise Mtn TC Clelland (split proceeds of short sale)

receive nothing from the short sale. Based on these reasons, this factor also weighs in favor of settling.

In summary, the settlement reached is based on the Trustee's good business judgment that will benefit the Estate and creditors and therefore approval of the Compromise Motion is proper.

### IV.    CONCLUSION

Based on the reasons set forth above, the Trustee respectfully request that the Court enter an order as follows:

1. Granting the Compromise Motion;

2. Approving the Settlement Agreement, a copy of which is attached as **Exhibit 1** to the Bui Declaration;

3. Authorizing the Trustee to execute any necessary documents to carry out the provisions as contemplated in the Settlement Agreement; and

4. For such other and further relief as the Court deems just and proper.

Dated:  August 21, 2018                      /s/ Lynda T. Bui
                                       By: _____
                                            Lynda T. Bui, Chapter 7 Trustee

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

6

23018-000\56\Compromise Mtn TC Clelland (split proceeds of short sale)

# **DECLARATION**

## DECLARATION OF LYNDA T. BUI

I, Lynda T. Bui, declare and state as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of *In re Peggy Irene Clelland and Joel Douglas Clelland* ("Debtors"). I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto.

2. I am familiar with the Debtors' bankruptcy proceeding and make this Declaration in support of my *Motion to Approve Compromise Under Rule 9019 Between the Bankruptcy Estate and Debtors* ("Compromise Motion"). I have read and I am aware of the contents of the Compromise Motion and the accompanying Memorandum of Points and Authorities. The facts stated in the Compromise Motion and the Points and Authorities are true to the best of my knowledge.

3. Through the Compromise Motion, I request approval of the *Settlement Agreement* between myself as the Trustee for the Estate and the Debtors, a true and correct copy is attached here as **Exhibit 1**.

4. Before agreeing to enter into the settlement that is the subject of this Compromise Motion, I reviewed the risks and benefits of litigating the disputes with the Debtors. I reviewed the benefits to the Estate which would result from the settlement. Specifically, I am still collecting on the insurance renewal residuals so there is no need to immediately close the case and in fact, the Estate can afford to proceed with the short sale. For the reasons stated in the Compromise Motion and the accompanying Points and Authorities, and based on my business judgment, I believe it is in the best interest of the Estate to enter into the Settlement Agreement.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

EXECUTED on August 21, 2018, at Riverside, California.

/s/ Lynda T. Bui
_____
Lynda T. Bui

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

7

23018-000\56\Compromise Mtn TC Clelland (split proceeds of short sale)

# Exhibit 1

# Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Lynda T. Bui, solely in her capacity as the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of **Peggy Irene Clelland and Joel Douglas Clelland** ("Debtors"), on the one hand and the Debtors, on the other hand.  The Trustee and the Debtors will be collectively referred to herein as the "Parties".

### I.    RECITALS

This Agreement is made by the Parties hereto with reference to the following facts:

1.    The Debtors filed a chapter 7 bankruptcy petition on February 7, 2017, in the United States Bankruptcy Court, Central District of California, Case No. 6:17-bk-10928-WJ.

2.    Lynda T. Bui is the duly appointed, qualifying, and acting Chapter 7 trustee for the Debtors' Bankruptcy Estate ("Estate").

3.    The last date to file claims in the case was August 14, 2017.  Government claims were due by August 7, 2017.  The Court's Claims Register indicates there have been nine claims filed totaling $43,880.14, consisting of $506.71 in priority claims and $43,373.43 in general unsecured claims.

4.    Property of the Estate includes the Debtors' interest in the real property located at 1339 Alta Avenue, Upland, California 91786 ("Property").

5.    On their Schedule A, the Debtors valued their interest in the Property at $413,306.00 and listed two liens on their Schedule D in favor of (i) Cenlar (first trust deed) in the amount of $265,390.00 and (ii) Specialized Loan Servicing, LLC in the amount of $122,323.00, for total liens of $387,713.00 (collectively the "Secured Creditors"). On their Schedule C, the Debtors claimed an  exemption in the Property of $25,593.00 under C.C.P. § 703.140(b)(1).  Based on the Schedules there does not appear to be equity in the Property for the benefit of the Estate.

6.    The Court has ordered Secured Creditors' relief from the automatic stay in this case.[1]  The Debtors have advised the Trustee that they do not want a foreclosure on their record and would like the Trustee to short sell the Property.

7.    After reviewing potential options, the Trustee and the Debtors have determined it may be in the best interest of the Estate and its creditors to negotiate to obtain the Secured Creditors' consent to a short sale of the Property that would provide for payment of all expenses associated with the short sale, including (i) payment of a 6% real estate brokerage commission

---

[1]  On March 29, 2018, the Court entered an order (docket 39) granting Lakeview Loan Servicing, LLC (loan servicer for the current beneficiary of first trust deed on the Property) relief from automatic stay of 11 U.S.C. § 362(a) to allow it to move forward with a foreclosure upon and to obtain possession of the Property in accordance with applicable non-bankruptcy law.

On April 17, 2018, the Court entered an order (docket 44) granting Deutsche Bank National Trust Company, as Trustee, for IndyMac Home Equity Mortgage Loan Asset-backed Trust, Series 2006-H1 (current beneficiary of the second trust deed on the Property) relief from automatic stay of 11 U.S.C. § 362(a) to allow it to move forward with a foreclosure upon and to obtain possession of the Property in accordance with applicable non-bankruptcy law.

1

# Exhibit 1

<u>and</u> (ii) a meaningful carve-out to the Estate to be paid by the buyer at the close of escrow to provide for a meaningful distribution on allowed unsecured claims.

      8.     The Parties desire to resolve any and all disputes related to the administration of the Property upon the terms and conditions set forth hereinafter.

## II.    **AGREEMENT**

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION**, the adequacy of which is hereby acknowledged by each party hereto, and in consideration of the mutual promises and covenants set forth below, the Parties hereto agree as follows:

1. <u>Cooperation for the Sale of the Property</u>.

   a. The Debtors agree to cooperate with the Trustee's efforts to market the Property for a short sale and cooperate in the short sale process, including providing information as necessary and cooperate with the Trustee's proposed real estate broker team of (i) Gregory Shipp of Sentinel Real Estate & Investments, and (ii) BK Global Real Estate Services ("Broker Team").

   b. The Trustee will file a Motion with the Bankruptcy Court to request approval of the short sale that provides payment of all expenses associated with the short sale, including (i) payment of a standard real estate brokerage commission to the Trustee's Broker Team and reimbursement of the Broker Team's out-of-pocket expenses, and (ii) a payment to the Estate to provide for meaningful distribution on allowed unsecured claims. The Property will not be sold unless the Estate receives funds to pay creditors.

   c. The Trustee will be listing the Property for sale in her capacity as the Chapter 7 trustee for the Estate, and not in her personal capacity, and no liability or obligations shall accrue to her personally as a result of such listing.

   d. The Trustee reserves the right, in her sole discretion, to determine not to sell the Property if doing so does not benefit the Estate.

2. <u>Split of the Short Sale Proceeds</u>. The Debtors and the Trustee agree that any "net proceeds" generated from the Trustee's short sale of the Property shall be split as follows: 50% to the Estate ("Estate Settlement Amount"), and 50% to the Debtors ("Debtors' Settlement Amount"). As used herein, the term "net proceeds" shall mean the gross proceeds generated from the sale of the Property, *less* (i) satisfaction of the Secured Creditors' liens, including all arrearages; (ii) payment of all outstanding property taxes; and (iii) typical pro-rations and closing costs, including escrow fees and real estate commissions. The Debtors agree that the Estate Settlement Amount shall be used by the Estate for payment of administrative claims of the Estate and allowed unsecured claims against the Estate. The Trustee reserves the right to abandon the Property if the net proceeds decrease to such an amount that would make administrating the case cost-prohibitive.

3. <u>Waiver of Exemption Claim</u>. As the Property is encumbered by liens that exceed its value and there is no equity, in exchange for the Debtors' Settlement Amount, the Debtors agree to waive their claimed exemption in the Property of $25,593.00 under C.C.P. § 703.140(b)(1). The

# Exhibit 1

Debtors agree that they will not be entitled nor will they file amended schedules to claim an exemption in the Property and/or the Estate's Settlement Amount .

4. <u>Possession of the Property</u>.  The Debtors are not making the mortgage payments.  The Trustee will not demand any mortgage or rental payment from the Debtors for allowing the Debtors to reside in the Property since the Petition Date without paying the monthly payments on the loans secured by deeds of trust on the Property.  However, the Debtors shall continue to maintain the Property and cooperate with the Trustee's Broker Team for all showings and open houses.

5. <u>Additional Conditions to be Performed by the Debtors</u>.  Until such time that the Trustee closes on the sale of the Property, the Debtors agree that they shall or shall cause to maintain and preserve the Property for the benefit of the Estate and its creditors, and shall or shall cause to:

    a. Not place or record, or allow to be placed or recorded, any liens or encumbrances on the Property.

    b. Maintain current all insurance on the Property.

    c. Name the Trustee as the loss payee on insurance against the Property at no cost to the Trustee or the Estate.

    d. Provide the Trustee with proof of insurance naming the Trustee as the loss payee on insurance against the Property no later than ten (10) days after the execution of this Agreement.

6. <u>Motion for Approval of Compromise</u>.  Upon receipt of a fully executed copy of this Agreement, the Trustee shall promptly file a motion with the Bankruptcy Court to obtain approval of this Agreement ("Compromise Motion").  This Agreement is contingent upon and expressly conditioned on the issuance of an order by the Bankruptcy Court in the Chapter 7 proceeding approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.  Unless and until approved by the Bankruptcy Court, this Agreement shall have no force or effect whatsoever.

7. <u>Vacating the Property</u>.  The Debtors agree to deliver the Property in an unoccupied broom clean condition, including removing all of their personal property, seven (7) days prior to close of escrow.

### III.  REPRESENTATION AND WARRANTIES

1. Each of the parties to this Agreement represents, warrants, and agrees as to themselves as follows:

    a. No party (nor any officer, agent, employee, representative, or attorney of or for any party) has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement, and each party does not rely upon any statement, representation or promise of any other party (or of any officer, agent, employee, representative, or attorney for the other

3

      party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement

    b.    Each party to this Agreement has made such investigation of facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as they deem necessary.

    c.    Each party has read this Agreement and understands its contents.

    d.    The Parties acknowledge that they have either been represented in negotiations for and in the preparation of this Agreement by counsel of their choice or that they have had an opportunity to retain counsel and that they have read this Agreement and have had an opportunity to have it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

    e.    The Parties acknowledge that this Agreement is the result of extensive good faith negotiations between the Parties and their respective counsel and is not to be construed as an admission of liability on the part of any of the Parties hereto, their agents, employees or officers, by whom liability is expressly denied.

    f.    The Parties are bound by this Agreement subject only to Bankruptcy Court approval and waive any right to object to approval by the Bankruptcy Court.

## IV.    MISCELLANEOUS

1.    <u>Jurisdiction of the Bankruptcy Court</u>.   Should any dispute arise regarding this Agreement, the United States Bankruptcy Court for the Central District of California, Riverside Division shall have exclusive jurisdiction to determine the same.

2.    <u>Trustee Capacity</u>.   The Trustee is signing this Agreement in her capacity solely as Chapter 7 Trustee of the Estate.  Nothing contained herein shall in any way impute liability to the Trustee, personally or as a member of any professional organization, or anyone acting on her behalf, including but not limited to her counsel.

3.    <u>Further Documentation of Settlement</u>.   The Parties agree that they will execute any and all further and additional documents and take all further and additional steps, which may be necessary or convenient to consummate the terms of this Agreement and accomplish the purposes thereof.

4.    <u>Entire Agreement</u>.   This Agreement constitutes the entire understanding and agreement between the Parties hereto concerning the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, terms, conditions and representations, written or oral, made by any of the Parties hereto or their agents, concerning the matters covered by this Agreement.

5.    <u>Modification and/or Amendment</u>.   This Agreement may be amended and modified only by a written agreement signed by all of the Parties hereto specifically acknowledging and approving of the modification.

4

Settlement Agreement TC Clelland (short sale proceeds).docx
23018-000\EXP. 02

**Exhibit 1**

6. <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of, and shall be binding upon the Parties, and each of them, and their respective successors, assigns, heirs, partners, agents, interrogators, officers, corporations, partnerships, partners, shareholders, representatives, and each of them.

7. <u>Controlling Law</u>.  This Agreement has been entered into in the State of California and this Agreement, including any rights, remedies, or obligations provided for hereunder, shall be construed and enforced in accordance with the laws of the State of California.

8. <u>Severability</u>.  If any provision of this Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining portions of this Agreement and shall not affect the validity and enforceability of such remaining provisions.

9. <u>Effect of Headings</u>.  The titles and headings of this Agreement are for convenience and identification only, and shall not be deemed to limit, amplify, or define the contents of the respective sections or paragraphs to which they pertain.

10. <u>Gender</u>.  Whenever in this document the context may so require, the masculine gender shall be deemed to include the feminine and neuter genders, and vice-versa.

11. <u>Recitals</u>.  Each term of this Agreement is contractual and not merely a recital.

12. <u>Counter-Parts</u>.  This Agreement may be executed in one or more counter-parts (multiple signatures) each of which shall be deemed an original, and all of which constitute one and the same instrument.

13. Attorneys' Fees.  All Parties shall bear their own attorneys' fees and costs.  In the event any claim, dispute and/or litigation arises out of this Agreement, the prevailing party shall be entitled to recovery of its attorneys' fees and costs incurred in prosecuting or defending said claim, dispute and/or litigation.

**SIGNATURES ON THE FOLLOWING PAGE**

**Exhibit 1**

BY SIGNING THIS AGREEMENT WHERE INDICATED BELOW I CERTIFY THAT I HAVE READ THE FOREGOING AGREEMENT IN ITS ENTIRETY, THAT I FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT I AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN.

Dated: August 3, 2018

_____
Lynda T. Bui
Solely in her capacity as the Chapter 7 Bankruptcy
Trustee for the bankruptcy estate of *In re Peggy Irene Clelland and Joel Douglas Clelland,* Case No. 6:17-bk-10928-WJ

Dated: August    , 2018

_____
Peggy Irene Clelland
Debtor

Dated: August    , 2018

_____
Joel Douglas Clelland
Debtor

**APPROVED AS TO FORM:**

Dated: August    , 2018    **OAKTREE LAW**

_____
Julie J Villalobos
Attorneys for the Debtors,
Peggy Irene Clelland and Joel Douglas Clelland

6

Settlement Agreement TC Clelland (short sale proceeds).docx
23018-000\EXP. 02

# Exhibit 1

**BY SIGNING THIS AGREEMENT WHERE INDICATED BELOW I CERTIFY THAT I HAVE READ THE FOREGOING AGREEMENT IN ITS ENTIRETY, THAT I FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT I AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN.**

Dated: August ____, 2018

_____
Lynda T. Bui
Solely in her capacity as the Chapter 7 Bankruptcy Trustee for the bankruptcy estate of *In re Peggy Irene Clelland and Joel Douglas Clelland*, Case No. 6:17-bk-10928-WJ

Dated: August 17, 2018

_____
Peggy Irene Clelland
Debtor

Dated: August 17, 2018

_____
Joel Douglas Clelland
Debtor

**APPROVED AS TO FORM:**

Dated: August 17, 2018        **OAKTREE LAW**

_____
Julie J. Villalobos
Attorneys for the Debtors,
Peggy Irene Clelland and Joel Douglas Clelland

6

Settlement Agreement TC Clelland (short sale proceeds).docx
23018-000\EXP. 02

# Exhibit 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**100 Spectrum Center Drive, Suite 600, Irvine, CA 92618**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE UNDER RULE 9019 BETWEEN THE BANKRUPTCY ESTATE AND THE DEBTORS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF LYNDA T. BUI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 21, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lynda T. Bui (TR)**    trustee.bui@shbllp.com,  C115@ecfcbis.com *Chapter 7 Trustee*
- **Tyneia Merritt**    tye@mlawinc.com, legal@mlawinc.com, *Attorney for Deutsche Bank National Trust Company, as Trustee, for IndyMac Home Equity Mortgage Loan Asset-backed Trust, Series 2006-H1*
- **Christina J O**    christinao@mclaw.org,  CACD_ECF@mclaw.org *Attorney for Lakeview Loan Servicing, LLC*
- **Valerie Smith**    claims@recoverycorp.com *NEF for Interested Party*
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov *United States Trustee*
- **Julie J Villalobos**    julie@oaktreelaw.com, oakecfmail@gmail.com, villalobosjr51108@notify.bestcase.com *Attorney for the Debtors*

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 21, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **August 21, 2018** | **Lorre Clapp** | **/s/ Lorre Clapp** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                  **F 9013-3.1.PROOF.SERVICE**

## U.S. MAIL SERVICE LIST

**DEBTORS**
PEGGY IRENE CLELLAND
JOEL DOUGLAS CLELLAND
1339 ALTA AVE
UPLAND, CA 91786-2812

**COURT MAIL LIST**
HAHN FIFE & COMPANY
790 E COLORADO BLVD 9TH FL
PASADENA, CA 91101-2193

**CLAIM FILED**
CAPITAL ONE BANK (USA), N.A.
PO BOX 71083
CHARLOTTE, NC 28272-1083

**COURT MAIL LIST**
CREDIT ONE BANK NA
PO BOX 98873
LAS VEGAS, NV 89193-8873

**COURT MAIL LIST**
LENDING CLUB CORP
71 STEVENSON ST
SUITE 300
SAN FRANCISCO, CA 94105-2985

**COURT MAIL LIST**
NAVIENT
PO BOX 9500
WILKES BARRE, PA 18773-9500

**CLAIM FILED**
PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSI
OF FNBM, LLC
RESURGENT CAPITAL SERVICES
PO BOX 19008
GREENVILLE, SC 29602-9008

**COURT MAIL LIST**
SCHOOLS FIRST FCU
2115 N BROADWAY
SANTA ANA, CA 92706-2613

**COURT MAIL LIST**
SPECIALIZED LOAN SERVI
ATTN: BANKRUPTCY
8742 LUCENT BLVD. SUITE 300
HIGHLANDS RANCH, CO 80129-2386

**CLAIM FILED**
VERIZON
BY AMERICAN INFOSOURCE LP AS AGENT
4515 N SANTA FE AVE
OKLAHOMA CITY, OK 73118-7901

RETURNED MAIL


**NO ADDRESS**
**COURT MAIL LIST**
COURTESY NEF

**COURT MAIL LIST**
EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**COURT MAIL LIST**
CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

**COURT MAIL LIST**
CENLAR
P.O.BOX 77404
TRENTON, NJ 08628-6404

**CLAIM FILED**
INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

**COURT MAIL LIST**
MID AMERICA BANK & TRU
5109 S BROADBAND LN
SIOUX FALLS, SD 57108-2208

**COURT MAIL LIST**
OCWEN LOAN SEVICING LLC
1661 WORTHINGTON R
WEST PALM BEAC, FL 33409-6493

**COURT MAIL LIST**
POWER SALES UNIVERSITY
2901 WEST COAST HWY #200
NEWPORT BEACH, CA 92663-4045




**CLAIM FILED**
SCHOOLS FIRST FCU
PO BOX 11547
SANTA ANA, CA 92711-1547

**COURT MAIL LIST**
TARGET
C/O FINANCIAL & RETAIL SERVICES
MAILSTOP BT PO BOX 9475
MINNEAPOLIS, MN 55440-9475

**BROKER**
GREGORY SHIPP
SENTINEL REAL ESTATE & INVESTMENTS
8780 19TH STREET, # 350
RANCHO CUCAMONGA, CA 91701-4608



**NO ADDRESS**
**COURT MAIL LIST**
SCHOOLSFIRST FCU

**NO ADDRESS**
**COURT MAIL LIST**
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRU

**COURT MAIL LIST**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**COURT MAIL LIST**
CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY, UT 84130-0285

**COURT MAIL LIST**
CREDIT ONE BANK NA
PO BOX 98872
LAS VEGAS, NV 89193-8872

**COURT MAIL LIST**
LENDING CLUB CORP
71 STEVENSON PL. STE # 300
SAN FRANCISCO, CA 94105-2985

**COURT MAIL LIST**
NAVIENT
ATTN: CLAIMS DEPT
PO BOX 9500
WILKES-BARR, PA 18773-9500

**COURT MAIL LIST**
PRA RECEIVABLES MANAGEMENT, LLC
PO BOX 41021
NORFOLK, VA 23541-1021

**COURT MAIL LIST**
RISE CREDIT
PO BOX 101808
FORT WORTH, TX 76185-1808




**COURT MAIL LIST**
SPECIALIZED LOAN SERVI
8742 LUCENT BLVD.#300
HIGHLANDS RANCH, CO 80129-2386

**COURT MAIL LIST**
TARGET
PO BOX 673
MINNEAPOLIS, MN 55440-0673

**BROKER**
PATRICK BUTLER
BK GLOBAL REAL ESTATE SERVICES
1095 BROKEN SOUND PARKWAY, N.W., STE 100
BOCA RATON, FL 33487-3503

**NO ADDRESS**
**COURT MAIL LIST**
CENLAR FSB

**NO ADDRESS**
**COURT MAIL LIST**
LAKEVIEW LOAN SERVICING, LLC, AND ITS SUCCES

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**

**NOT APPLICABLE**
**COURT MAIL LIST**
RIVERSIDE DIVISION
3420 TWELFTH STREET,
RIVERSIDE, CA 92501-3819

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**