1

2   Lynda T Bui, Trustee
    3550 Vine Street, Suite 210
3   Riverside, California  92507
    Telephone:     (949) 340-3400
4   Facsimile:     (949) 340-3000
    Email: trustee.bui@shbllp.com

5
    Chapter 7 Trustee
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          RIVERSIDE DIVISION

11
    In re:                              Case No.  6:17-bk-10928-WJ
12
    PEGGY IRENE CLELLAND                CHAPTER 7
13  aka Peggy Irene Casey, and
    JOEL DOUGLAS CLELLAND
14  aka Joel Clelland,                  **ORDER:**

15                       Debtors.       **(1) AUTHORIZING THE SHORT SALE OF
                                            REAL PROPERTY OF THE ESTATE
16                                          FREE AND CLEAR OF LIENS PURSUANT
                                            TO BANKRUPTCY CODE §§ 363(b) AND
17                                          363(f);**

18                                      **(2) APPROVING PAYMENT OF REAL
                                            ESTATE COMMISSION; AND**

19                                      **(3) GRANTING RELATED RELIEF**

20                                      **Real Property located at:**
                                        **1339 Alta Avenue, Upland, CA 91786**
21

22                                      Hearing:
                                        Date:   January 8, 2019
23                                      Time:   1:00 p.m.
                                        Crtrm.: 304
24                                              3420 Twelfth Street
                                                Riverside, CA 92501
25

26

27

28

**LYNDA T. BUI,
CHAPTER 7 TRUSTEE**
3550 Vine Street
Suite 210
Riverside, CA 92507

                                        1

Sale Order TC Clelland re 1339 Alta Avenue, Upland, CA

On January 8, 2019 at 1:00 p.m., the Court held a hearing regarding the *Chapter 7 Trustee's Motion for Order: (1) Authorizing the Short Sale of Real Property of the Estate Free and Clear of Liens Pursuant to Bankruptcy Code §§ 363(b) and 363(f); (2) Approving Payment of Real Estate Commission; and (3) Granting Related Relief* (docket 56) ("Motion") filed by Lynda T. Bui, the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Peggy Irene Clelland and Joel Douglas Clelland ("Debtors").  All appearances were noted on the record.

In this order, the term "Property" means the real property of the Estate located at 1339 Alta Avenue, Upland, California 91786.  The Property[1] is situated in the County of San Bernardino, State of California and legally described as follows:

> LOT 2 OF TRACT 4705 AS PER MAP RECORDED IN BOOK 70, PAGES 89 AND 90 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO
>
> Assessor Parcel No.: 045-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

In this order, the term "Secured Creditors" means collectively the current servicing agent(s) and/or the current holders of the first ("Senior Secured Creditor") and the second place ("Junior Secured Creditor") lender deeds of trust on the Property as shown in the public records in the County of San Bernardino, State of California.

The Court, having considered the Motion and related pleadings and it appearing that the relief requested by the Motion is in the best interests of the Estate and its creditors; and good cause having been shown, it is ORDERED that:

1.    The Motion is granted contingent upon the Junior Secured Creditor's express approval of the terms of a short sale of the Property and the Trustee's compliance with any conditions required by the Secured Creditors for the short sale of the Property under this order. The Trustee is authorized to short sell the Property on an as-is, where-is basis, without any warranties or representations, to a buyer approved by the Junior Secured Creditor ("Approved Buyer"), in an amount approved by Junior Secured Creditor, and whose real estate contract for the

[1] The legal description for the Property is believed to be accurate but may be corrected or updated by the title company in the transfer documents as necessary to complete the sale.

1  purchase and sale of the Property ("Approved Sale Contract") is approved by the Junior Secured

2  Creditor.

3      2.    The sale of the Property to the Approved Buyer shall be on the terms and

4  conditions of the (a) Approved Sale Contract, (b) the letter(s) approving the short sale from the

5  Junior Secured Creditor ("Approval Letter"), and (c) this Order.

6      3.    The Trustee's sale of the Property to the Approved Buyer shall be on an as-is,

7  where-is basis, without any warranties or representations given to the Approved Buyer, and the

8  purchase price shall be in an amount approved by Junior Secured Creditor.

9      4.    Through escrow, the Trustee is authorized to pay compensation for real estate

10  services to the Trustee's real estate broker team of Sentinel Real Estate & Investments (through its

11  sales agent Gregory Shipp) and BK Global Real Estate Services ("Broker), and the Approved

12  Buyer's real estate broker ("Selling Broker"), in the amounts as approved by the Secured Creditor

13  but in no event not to exceed six percent of the gross selling price, with the commission to be split

14  between the Trustee's Broker and the Selling Broker in amounts to be determined and approved

15  by the Junior Secured Creditor.

16      5.    The sale is approved provided that not less than $20,000 is be paid to the Trustee

17  on behalf of the Estate ("Short Sale Proceeds").  The Property will not be sold by the Trustee

18  unless the Estate receives the Short Sale Proceeds which funds will be used for payment of

19  administrative claims of the Estate and allowed unsecured claims against the Estate.

20      6.    The Trustee is authorized to pay 50% of the Short Sale Proceeds to the Debtors

21  pursuant to the Settlement Agreement attached as Exhibit 5 to the declaration of Lynda T. Bui

22  annexed to the Motion.  The other 50% of the Short Sale Proceeds ("Estate's Portion of the Short

23  Sale Proceeds") shall be retained by the Trustee.

24      7.    Not less than 40% of the Estate's Portion of the Short Sale Proceeds shall be used

25  to pay non-administrative creditors in this case.  The trustee may use up to 60% of the Estate's

26  Portion of the Short Sale Proceeds to pay administrative expenses including, but not limited to,

27  trustee fees.  Any fees of the trustee arising from or on account of the sale of the Property shall be

28

**LYNDA T. BUI,
CHAPTER 7 TRUSTEE**
3550 Vine Street
Suite 210
Riverside, CA 92507

3

Sale Order TC Clelland re 1339 Alta Avenue, Upland, CA

1  paid solely from (and limited in an amount not to exceed) 60% of the Estate's Portion of the Short

2  Sale Proceeds.

3       8.      The Trustee is authorized to execute any and all documents to effectuate the short

4  sale as set forth in the Approved Contract and the Approval Letter (collectively the "Sale

5  Documents") and this order.

6       9.      Upon close of escrow on the short sale of the Property, in compliance with Local

7  Bankruptcy Rule 6004-1(g), the Trustee shall file a report of sale detailing the terms of sale.

8       10.     The Trustee is hereby authorized, and empowered to (a) perform under,

9  consummate, and implement the short sale of the Property as approved by the Junior Secured

10  Creditor, (b) execute all additional instruments and documents that may be reasonably necessary,

11  desirable or required by the Junior Secured Creditor to implement the terms of the Sale

12  Documents and this order, (c) take all further actions as may be necessary or appropriate for the

13  purposes of assigning, transferring, granting, conveying, encumbering or transferring the Property

14  as contemplated by the Sale Documents and this order, and (d) take such other and further steps as

15  are contemplated by or reasonably required to fulfill the Trustee's obligations under the Sale

16  Documents and this order, all without further order of the Court.  The Trustee is authorized to

17  execute all documents in connection with the sale transaction approved by this order.

18       11.     This Court shall and hereby does retain jurisdiction to (a) enforce and implement

19  the terms and provisions of the Sale Documents and this order, all amendments thereto, any

20  waivers and consents thereunder, and any other supplemental documents or agreements executed

21  in connection therewith; (b) resolve any disputes, controversies or claims arising out of or relating

22  to the Sale Documents and this order; and (c) interpret, implement, and enforce the provisions of

23  the Sale Documents and this order.

24       12.     Pursuant to 11 U.S.C. § 363(m), absent a stay of this order pending appeal, the

25  reversal or modification on appeal of this order, or any provision thereof, shall not affect the

26  validity of the sale transaction approved hereby which is consummated prior to such stay, reversal

27  or modification on appeal.

28

**LYNDA T. BUI,**
**CHAPTER 7 TRUSTEE**
3550 Vine Street
Suite 210
Riverside, CA 92507

4

Sale Order TC Clelland re 1339 Alta Avenue, Upland, CA

13.     The validity of the sale approved hereby shall not be affected by the appointment of a successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

14.     In recognition of the need to effectuate a closing of the sale as quickly as possible, Federal Rule of Bankruptcy Procedure 6004(h) is waived with regard to the sale of the Property and such sale may take place immediately upon entry of this order, unless a party in interest obtains a stay pending appeal prior to the closing.

# # #

Date: January 8, 2019

Wayne Johnson
United States Bankruptcy Judge

LYNDA T. BUI,
CHAPTER 7 TRUSTEE
3550 Vine Street
Suite 210
Riverside, CA 92507

5

Sale Order TC Clelland re 1339 Alta Avenue, Upland, CA